UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| LAGUAN RINEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:07-CV-038-BG |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Laguan Riney filed a complaint seeking judicial review of a decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB). The United States District Judge reassigned Riney's case to the United States Magistrate Judge for all proceedings. Thereafter, the Commissioner filed a motion to dismiss Riney's complaint. Riney did not consent to the jurisdiction of the United States Magistrate Judge. Pursuant to the order reassigning this case, the undersigned now files this Report and Recommendation recommending that the District Court grant the Commissioner's motion and dismiss Riney's complaint.

**I.     Statement of the Issues**

The Commissioner moves for dismissal on grounds that the court is without jurisdiction over this action because Riney did not file her civil complaint within sixty-five days of her receipt of the Appeals Council's notice denying her request for review. He points out that the Administrative Law Judge issued a decision on May 24, 2006, denying Riney's

disability application and that the Appeals Council issued a letter denying Riney's request for review on December 21, 2006. Citing 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c), the Commissioner argues Riney filed her complaint two days after the last date on which she should have filed it.[1]

The Commissioner argues that although the regulations authorize the Appeals Council to grant extensions in cases in which the claimant shows good cause for failing to sue in a timely fashion, neither Riney nor her counsel have shown that an extension was requested. He contends there are no extraordinary circumstances that would justify extending the time in which Riney should have filed her complaint.

Riney does not dispute the Commissioner's contention that she filed her complaint after the time in which she should have filed it or that she failed to request an extension of time in which to file her complaint. She claims, however, that her attorney relied on statements made by an Assistant United States Attorney during a conversation regarding another appeal in 2006, which led her attorney to believe that the Commissioner would not object to a complaint that was not timely filed unless the complaint was filed several weeks late. Riney claims her attorney should have requested an extension in her case but relied on her prior conversation with the Assistant United States Attorney and believed that because the complaint was only two days late, such a request was not necessary. She argues that her

---

[1] The Commissioner argues that the last day of the time period in during which Riney was required to file her complaint was February 24, 2007, which was a Saturday, and therefore Riney should have filed her complaint by Monday, February 26, 2007. Riney filed her complaint on February 28, 2007.

complaint should not be dismissed because her attorney acted in good faith based on past experience with the Commissioner's attorneys and that dismissal of her case based on her attorney's mistake would be inequitable. She suggests that the equitable solution would be to allow the case to proceed, and should she prevail, disallow or reduce any reimbursement of attorney's fees that may be paid to her attorney.

## II.     Discussion

The Social Security Act requires a claimant seeking court review to file suit within sixty days after the mailing of the Commissioner's final decision or "within further time as the [Commissioner] may allow." 42 U.S.C. § 405(g). The Commissioner's regulations implement the Commissioner's authority to allow "further time" in 20 C.F.R. § 422.210(c), which directs that notice of the Commissioner's final decision is presumed to be five days from the date of the decision; thus, the regulations extend the period in which a claimant must file suit from sixty to sixty-five days. *See id.*

Contrary to the Commissioner's arguments, the time period in which a claimant must file suit is not jurisdictional; rather, the time period constitutes a period of limitations. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (citing *Matthews v. Eldridge,* 424 U.S. 319, 328 n.9 (1976)). As such, the limitations period during which a Social Security claimant may file suit constitutes a waiver of sovereign immunity and must be strictly construed. *Id.* (citing *Block v. North Dakota*, 461 U.S. 273, 287 (1983)). On the other hand, statutes of limitations such as the one at issue in this case may be waived. *See Triplett v. Heckler*, 767 F.2d 210, 212 n.1 (5th Cir. 1985). In addition, a plaintiff may seek the application of the doctrine of

equitable tolling in "appropriate situations," and courts may apply the doctrine "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Eldridge*, 424 U.S. at 330); *Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991).

However, the United States Supreme Court has described cases in which equitable tolling is appropriate as "rare." *Bowen*, 476 U.S. at 481. In *Bowen*, the court found such a situation where the Social Security Administration instituted and applied a policy contrary to the regulations; the court found that the policy created a situation in which claimants were unaware of grounds on which they could appeal the denial of their applications. *Bowen*, 476 U.S. at 481. The court held that tolling was appropriate because the Administration's "secretive conduct" prevented the claimants from knowing their rights. *Id.*

Riney has not alleged conduct in this case that would rise to the level of that in *Bowen*. And the fact that neither she nor her counsel sought an extension of the sixty-day period counts against her. *See Flores*, 945 F.2d at 113. Riney's contention that her attorney relied to her detriment on statements made by the Assistant United States Attorney does not provide a basis for the application of equitable tolling. Riney has pointed to no authority, and this court has not found any, that would support the application of equitable tolling in such a situation. In fact, the Fifth Circuit Court of Appeals has held that "the government cannot be bound by unauthorized or incorrect statements of its agents."[2] *See Triplett*, 767 F.2d at

---

[2] The application of estoppel against a government agency is particularly disfavored in cases in which disbursement of funds from the Treasury is at issue. *See, e.g., Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 434 (1990); *see also*

213 (refusing to apply estoppel in which member of Appeals Council staff erroneously informed the claimant that the Council had reopened her case and granted her an extension of time in which to file her complaint in federal court).

Riney has not set forth arguments, evidence, or precedent that would justify a ruling in her favor on any ground. In the absence of such and because the statute of limitations set forth in 42 U.S.C. § 405(g) must be strictly construed, *Bowen*, 476 U.S. at 478, the Commissioner's motion to dismiss should be granted.

### III. <u>Recommendation</u>

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court grant the Commissioner's motion and dismiss Riney's complaint with prejudice.

### IV. <u>Right to Object</u>

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto*

---

*Schweiker v. Hansen*, 450 U.S. 785, 788 (1981). Courts have consistently held that detrimental reliance on representations made by governmental actors does not provide a basis for an equitable remedy. *See, e.g., Schweiker*, 450 U.S. at 788; *Duthu v. Sullivan,* 886 F.2d 97, 99-100 (5th Cir. 1989); *Jones v. Dept. of Health & Human Servs.*, 843 F.2d 851 (5th Cir. 1988).

*Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: July 20, 2007.

_____
NANCY M. KOENIG
United States Magistrate Judge